# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BRANDON CARTER                                                    PETITIONER


v.                          NO. 5:15-cv-00309 JM/PSH


WENDY KELLEY, Director of the                              RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United

States District Judge James M. Moody, Jr. You may file written objections to all or part

of this Recommendation. If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection, and (2) be received by the Clerk of this

Court within fourteen (14) days of this Recommendation. By not objecting, you may

waive the right to appeal questions of fact.

<u>FINDINGS AND RECOMMENDATION</u>

I. <u>STATE PROCEEDINGS</u>. On March 24, 2006, sixteen-year-old petitioner Brandon Carter ("Carter") and two accomplices entered a laundromat owned by an elderly couple. The testimony at trial reflects that the following occurred after Carter and his accomplices entered the laundromat:

> … After loitering for a few minutes, [Carter] shot the aged Travis Young several times in the back and stomach, inflicting grievous injury that Mr. Young miraculously survived. His wife, Inez Young, scrambled to get a weapon upon seeing her husband shot and was herself shot by [Carter]. The robbers took Mr. Young's cell phone and at least $500 from the laundromat's cash drawer and money bowl. Mrs. Young was a co-owner of the laundromat, and the money taken belonged to both Mr. and Mrs. Young.

<u>See</u> <u>Carter v. State</u>, 2010 Ark. 611, — S.W.3d —, 2010 WL 3700813, 1 (Ark.Ct.App. 2010).

Carter was tried and convicted of one count of first degree battery for shooting Travis Young and two counts of aggravated robbery for robbing Travis Young and Inez Young. Carter was sentenced to a total of one hundred years in the custody of respondent Wendy Kelley ("Kelley").

Carter thereafter filed a post-trial motion for a reduction or modification of his sentence. In the motion, he asked that he be re-sentenced because "[t]here were not two separate robberies;" instead, "only one robbery was committed in which there were two victims." <u>See</u> Document 10, Exhibit A-1 at CM/ECF 63. The state trial court denied the motion, and Carter did not appeal the denial of his motion.

Carter eventually prosecuted a belated appeal of his conviction.[1] He maintained on appeal that the evidence was insufficient to support his conviction for the aggravated robbery of Inez Young. The state Court of Appeals rejected the claim on a procedural ground, noting that Carter's attorney failed to "renew his directed-verdict motion at the close of the case for the defense …" See Carter v. State, 2010 WL 3700813, 1.

Carter then filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. In the petition, he challenged the sufficiency of the evidence to support his conviction of two counts of aggravated robbery and also challenged his trial attorney's representation. The petition was denied, and Carter appealed. The Arkansas Supreme Court found no reversible error and affirmed the denial of his petition. See Carter v. State, 2015 Ark. 166, 460 S.W.3d 781 (2015).

II. FEDERAL PROCEEDINGS. Carter commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and joining Kelley. In the petition, Carter challenged his convictions and advanced the following claims:

1) Carter's trial attorney was ineffective because counsel failed to object to the filing of the second amended information two days before trial;

2) trial counsel was ineffective because he failed to move for a continuance after the second amended information was filed;

---

[1]

Although Carter desired to appeal his conviction, he was abandoned by his attorney after the conclusion of the trial. A timely notice of appeal was never filed. Carter eventually requested and obtained permission to file a belated appeal. See Document 10, Exhibit A-1 at CM/ECF 69-75.

3) trial counsel was ineffective because he failed to challenge the filing of the second amended information on the ground that it violated Carter's protection against double jeopardy;

4) trial counsel was ineffective because he failed to move to dismiss the second amended information on the ground that the delay in filing it violated Carter's right to due process;

5) trial counsel was ineffective because he failed to move to dismiss the second amended information on the ground that it did not contain the clause "against the peace and dignity of the state of Arkansas;" and

6) Carter's right of access to the courts was violated when officials with the Arkansas Department of Correction ("ADC") confiscated his legal papers during the pendency of the post-conviction proceeding, thereby preventing him from raising several new claims in his petition for post-conviction relief.

Kelley filed a response to the petition. In the response, she maintained that the state courts of Arkansas adjudicated several of Carter's claims on the merits, and the adjudication should be accorded deference. With regard to his other claims, she maintained that they are procedurally barred from federal court review.

Carter filed a voluminous reply to Kelley's response. In short, he maintained that the adjudication made of his claims by the state courts of Arkansas was entitled to no deference. With respect to his claims not adjudicated by the state courts of Arkansas, he maintained that the claims are not procedurally barred from federal court review.

III. <u>CARTER'S FIRST, SECOND, AND FOURTH CLAIMS</u>. "Carter was initially charged with one count of aggravated robbery against Travis Young." <u>See</u> <u>Carter v. State</u>, 460 S.W.3d at 787. The information was later amended to also charge Carter with first degree battery against Travis Young. "Two days before trial, the State filed a second amended information charging [Carter] with an additional count of aggravated robbery against [Inez] Young." <u>See</u> <u>Id</u>.

Carter's first, second, and fourth claims pertain to the same issue: the filing of the second amended information. He maintains that his trial attorney was ineffective because counsel failed to object to, seek a continuance following the filing of, or move to dismiss the second amended information. It is Carter's position that counsel should have undertaken one of those legal maneuvers because the filing of the information caught Carter by surprise and allowed the State of Arkansas to gain a tactical advantage in that he was prevented from preparing an adequate defense. He specifically maintains that the last minute filing prevented counsel from interviewing Inez Young.

Carter's claims of ineffective assistance of counsel are governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which requires a two-part showing. First, he must show that counsel's performance fell below an objective standard of reasonableness, <u>i.e.</u>, counsel's error was so serious he was not functioning as the "counsel" guaranteed by the Sixth Amendment. <u>See</u> <u>White v. Dingle</u>, 757 F.3d 750 (8th Cir. 2014). Second, Carter must show prejudice, <u>i.e.</u>, a reasonable probability that, but for counsel's error, the result of the trial would have been different. <u>See</u> <u>Id</u>.

Carter's claims of ineffective assistance of counsel are also governed by 28 U.S.C. 2254(d), which requires its own two-part showing. It first requires an inquiry into whether the state court's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. 2254(d) also requires an inquiry into whether the state court's adjudication of the claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Taken together, Strickland v. Washington and 28 U.S.C. 2254(d) establish a "doubly deferential standard of review." See Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) [quoting Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 1410, 179 L.E.2d 557 (2011)].

Carter raised his first, second, and fourth claims in his petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.[2] The state trial court applied Strickland v. Washington, 466 U.S. 668 (1984), and found the following with respect to the claims:

> The State of Arkansas amended its Information against [Carter] two days before the commencement of the trial proceedings. [He] now contends that his counsel was ineffective for not objecting to the filing of the amendment because [Carter] was, one, surprised and did not have the opportunity to properly prepare a defense, and two, it changed the nature and degree of the original charge in violation of [Arkansas Code Annotated] 16-85-407.

---

[2]

Although it is not beyond dispute that Carter raised all aspects of his first, second, and fourth claims in his petition for post-conviction relief, the undersigned accepts that he did so and finds that the claims were properly preserved for federal court review.

> With respect to [Carter's] contention that he was "surprised," he
> sets forth no facts showing how and in what manner he was surprised. It is
> noteworthy that the Second Amended Information had attached to it the
> Affidavit of Johnny Hayes, a Criminal Investigator for the Magnolia Police
> Department, which resulted in the arrest of [Carter]. In his Affidavit,
> Detective Hayes sets out the facts that the police believed constituted
> grounds for the arrest of [Carter] for the offense of aggravated robbery.
> That being true, [Carter], as well as his trial counsel, knew from the very
> beginning of the case that the State was alleging that there were two
> victims of the offense of aggravated robbery. Based on these facts, the
> court cannot find that [Carter's] trial counsel was ineffective for not
> seeking a continuance on the grounds of surprise.
>
> With regard to the allegation that the Amended Information changed
> the nature and degree of the original charges, [Carter] is simply wrong. It
> is true the Amended Information added an additional charge of aggravated
> robbery, but as set out in the preceding paragraph, [Carter] was aware that
> the State was contending that there were two victims from the very outset
> of the case. For these reasons, the court concludes that [Carter] has failed
> to show that his trial counsel was ineffective for failing to object to the
> Amended Information filed by the State.

See Document 10, Exhibit B-1 at CM/ECF 3. Carter appealed the denial of his petition for

post-conviction relief and challenged the state trial court's findings and conclusions. The

state Supreme Court applied Strickland v. Washington and found the following with

respect to Carter's claims:

> The State is entitled to amend an information at any time prior to the case
> being submitted to the jury as long as the amendment does not change the
> nature or the degree of the offense charged or create an unfair surprise.
> … [Arkansas Code Annotated] 16-85-407 provides a defendant with
> protection against being prejudiced through surprise by the filing of an
> amended information. … Even where there is a change in the nature or
> degree of the offense, this court will analyze whether there was adequate
> notice and whether the defendant was prejudiced. …

Here, with regard to counsel's decision not to move to quash the second amended information or for a continuance, Carter fails to overcome the presumption that counsel was effective under the <u>Strickland</u> standard. While Carter asserts on appeal as he did in his petition that counsel was remiss in not challenging the second amended information based on a change in the nature or the degree of the offense and unfair surprise, he fails to properly provide any factual substantiation for his conclusory claims. [Footnote omitted]. ... As described herein, the affidavit filed in support of the original information specifically referred to Travis and Inez Young as victims, stating that witnesses saw three black males shoot and rob both Travis and Inez Young. Carter does not demonstrate how the addition of the second charge of aggravated robbery as against Ms. Young impeded his ability to prepare his defense to support a finding that counsel was ineffective under the <u>Strickland</u> test. Further, to meet the second prong of the <u>Strickland</u> test, an appellant must do more than allege prejudice; he must demonstrate it with facts. ... Carter did not meet his burden of stating facts that affirmatively support his claims of prejudice; accordingly, the trial court did not err in denying relief. ...

In a related claim, Carter seems to allege that counsel was remiss in failing to argue that the information should be dismissed because the prosecutor intentionally delayed charging him with the second count of aggravated robbery to obtain a tactical advantage, in violation of Arkansas Constitution, amendment 21, section 1. ... Here, Carter's argument based on intentional delay by the prosecutor is limited to a conclusory allegation, and he fails to provide any facts to support his claim. [Footnote omitted].

<u>See</u> <u>Carter v. State</u>, 460 S.W.3d at 788-789.

The state Supreme Court's adjudication of Carter's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. The court applied clearly established federal law as announced in <u>Strickland v. Washington</u>, and the court's decision was neither contrary to nor involved an unreasonable application of that law. The decision was a reasonable application of <u>Strickland v. Washington</u>.

Additionally, the state Supreme Court's adjudication of Carter's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The initial information was supported by an affidavit signed by Johnny Hayes ("Hayes"). See Document 10, Exhibit B-4 at CM/ECF 41-46. In the affidavit, he summarized the events surrounding the robbery of the business owned by Travis and Inez Young. Hayes represented, inter alia, that Inez Young was at the business during the robbery and sustained a "grazing wound across her left tricep." See Document 10, Exhibit B-4 at CM/ECF 43. Hayes also set forth his reasons for believing that Carter and his accomplices committed the robbery and injured Travis and Inez Young. The same affidavit was later used to support the first amended information, see Document 10, Exhibit B-4 at CM/ECF 48-53, and the second amended information, see Document 10, Exhibit B-3 at CM/ECF 65-70.

Carter faults his trial attorney for failing to object to, seek a continuance following the filing of, or move to dismiss the second amended information. Admittedly, the State of Arkansas filed the information at the eleventh hour. The state Supreme Court could and did find, though, that there was no evidence of attorney error in the face of the last minute filing as there were no arguable grounds for objecting to, seeking a continuance following the filing of, or moving to dismiss the information. The same affidavit supported the initial information, the first amended information, and the second amended information. Thus, Carter knew from the outset that there were two victims of the robbery: Travis and Inez Young. The affidavit supporting the second amended

information did not identify any new victims, did not contain any new facts, did not require any additional investigation, and did not change the nature or degree of the offenses. The second amended information simply added a count for the offense committed against Inez Young as alleged in Hayes' affidavit. There is no evidence that the filing of the information gave rise to unfair surprise. There is also no evidence that the filing of the information violated Carter's right to due process as its filing was not so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected his trial and failed to afford him the fundamental fairness which is the essence of due process. See Maggitt v. Wyrick, 533 F.2d 383 (8th Cir. 1976).

Carter maintains that the State of Arkansas delayed in filing the second amended information in order to gain a tactical advantage, specifically, to prevent him from preparing an adequate defense. He maintains that the last minute filing prevented counsel from interviewing Inez Young.

The undersigned accepts that Carter's trial attorney did not interview Inez Young. That fact, though, did not prevent Carter from preparing an adequate defense and does not demonstrate that counsel was ineffective. Carter was aware from the outset that Inez Young was a victim of the robbery, and the filing of the second amended information did nothing to change that fact. Assuming, arguendo, that counsel erred by failing to interview Inez Young, Carter can show no prejudice. Carter has not shown what Inez Young might have said during an interview or how her statement in an interview would have been different than her statements to the police or her trial testimony.

IV. <u>CARTER'S THIRD CLAIM</u>. Carter's third claim also pertains to the filing of the second amended information.[3] He maintains that his trial attorney was ineffective because counsel failed to challenge the filing of the information on the ground that it violated Carter's protection against double jeopardy. It is Carter's position that his conviction on two counts of aggravated robbery violated his protection against double jeopardy because there was "only one robbery at issue." <u>See</u> Document 2 at CM/ECF 8.

Carter's trial attorney did not challenge the second amended information when it was filed but did move for a directed verdict, in part, on the ground that "there was only one robbery with two victims" and not "two separate robberies." <u>See</u> Document 10, Exhibit A-1 at CM/ECF at 37. The abstract of counsel's motion reflects the following:

> [Prosecution]: The testimony of Inez Young alone, that she identified [Carter] as the one who shot her husband and there were items taken from behind the counter, that these items belong to both her and her husband shows two separate armed robberies. She was shot at, which would meet the burden of aggravated robbery as to her. ... Also, that [Travis] Young was shot at with a deadly weapon and items taken from him would establish–with Inez Young alone–that leads to a fact question for the jury.

> [Defense]: If a man goes into a bank and there's ten people in the bank and he takes a dollar bill from each of them, he's not guilty of ten bank robberies. He's guilty of one. ...

> ...

---

[3]
        Like Carter's first, second, and fourth claims, his third claim pertains to the filing of the second amended information. The third claim will be addressed separately, though, because the facts underlying the claim were raised and addressed by the state trial court in a different context, namely, in a post-trial motion for reduction or modification of his sentence.

> [Prosecution]: I think this is two different aggravated robberies. If you shoot at one or you shoot at two people and they both have personal property taken, I just think that would be two separate offenses.

See Document 10, Exhibit A-1 at CM/ECF at 37-38. The state trial court denied the motion for directed verdict, and Carter's attorney did not renew the motion at the close of all the evidence. Counsel did, though, raise the issue at sentencing when he asked the state trial court to depart from its usual practice and order the sentences be served concurrently. See Document 10, Exhibit A-1 at CM/ECF at 42. The state trial court rejected the request and ordered the sentences be served consecutively.

Carter raised a double jeopardy claim in his motion for a reduction or modification of his sentence. He did not do so, though, in the context of challenging his trial attorney's response to the filing of the second amended information. The state trial court rejected the claim, finding the following:

> At the trial of this cause, the testimony was not disputed that an armed robber, whom the jury determined to be … Carter, shot Travis Young three times and stole his cell phone from his pocket. Testimony was also undisputed that Inez Young was grazed by a bullet which came from the same gun which was used to shoot Travis Young. The robber also took money and candy from the washateria which was owned and operated by Mr. and Mrs. Young.

> Based on the facts set forth in the preceding paragraph, the court concludes that Brandon Carter committed separate robberies against both Travis Young and Inez Young. …

See Document 10, Exhibit A-1 at CM/ECF 67.

In Carter's petition for post-conviction relief, he maintained, in part, that counsel was ineffective for failing to raise a double jeopardy challenge. The state trial court applied <u>Strickland v. Washington</u> and found the following with respect to Carter's claim:

> With regard to [Carter's] contention that the evidence was insufficient to support two aggravated robbery convictions, it should be noted that his counsel filed a motion to modify [Carter's] sentence soon after the Judgment and Commitment Order was signed. In that pleading, [he] alleged that the evidence was insufficient to support two aggravated robbery convictions. This court denied the motion, and a copy of the court's decision is attached hereto.
>
> Moreover, in his appeal to the Court of Appeals, [Carter] made the same argument. While the Court of Appeals refused to recognize the argument because [his] trial counsel failed to renew his motion for directed verdict at the conclusion of all of the testimony, the State's Response Brief set out what is clearly the law in this State regarding this issue. This court now adopts, as its own, the arguments and legal citations set out in the State's Appellate Brief.
>
> For the reasons and authorities hereinabove cited, the court finds that [Carter's] allegations on this point fall far short of establishing that his trial counsel was ineffective for failing to argue a legal position that was simply untenable under the facts developed at the trial of this cause.

<u>See</u> Document 10, Exhibit B-1 at CM/ECF 2. Carter appealed and challenged the state trial court's findings and conclusions. For some reason not clear from the record, Carter's claim that counsel was ineffective for failing to raise a double jeopardy challenge was not addressed on appeal.[4]

---

[4]

Kelley responded to Carter's third claim by addressing it on the merits, although she did maintain in passing that it is procedurally barred from federal court review. Rather than grapple with the procedural bar question, the undersigned will address the claim on the merits.

The state trial court's adjudication of Carter's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.[5] The court applied clearly established federal law, and the court's decision was neither contrary to nor involved unreasonable application of that law. The decision was a reasonable application of <u>Strickland v. Washington</u>.

Additionally, the state trial court's adjudication of Carter's claim did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. As the state trial court could and did find, the evidence was sufficient to establish that two aggravated robberies were committed, one against Travis Young and the other against Inez Young. Specifically, Travis Young testified that he was shot by Carter. <u>See</u> Document 10, Exhibit A-1 at CM/ECF 24, 26. Inez Young testified that she was also shot by Carter, although she was only grazed. <u>See</u> Document 10, Exhibit A-1 at CM/ECF 28, 32. Inez Young testified that Carter stole Travis Young's cell phone and stole money from the washateria she owned with Travis Young. <u>See</u> Document 10, Exhibit A-1 at CM/ECF 28-29. Given this testimony, the undersigned adopts the state trial court's conclusion that Carter's double jeopardy claim is "untenable under the facts developed at the trial …," and counsel did not err in failing to challenge the second amended information on double jeopardy grounds when it was first filed.

---

[5]

A state trial court's findings can be accorded deference if they represent the state courts' last reasoned opinion on a topic or have not been supplemented in a meaningful way by a higher state court. <u>See</u> <u>Worthington v. Roper</u>, 631 F.3d 487 (8th Cir. 2011).

V. <u>CARTER'S FIFTH CLAIM</u>. Carter's fifth claim is also a challenge to his trial attorney's representation. Carter maintains that counsel was ineffective because he failed to move to dismiss the second amended information on the ground that it did not contain the clause "against the peace and dignity of the state of Arkansas."

Kelley maintains that the claim is procedurally barred from federal court review. Rather than wrestle with that question, the undersigned will address the merits of Carter's claim.

In the State of Arkansas, every count of an information must contain a <u>contra pacem</u> clause providing the following: "[a]gainst the peace and dignity of the State of Arkansas." <u>See</u> <u>Caldwell v. State</u>, 295 Ark. 149, 747 S.W.2d 99, 101 (1988). The omission of the clause is not, though, necessarily fatal to the count. It does not "void the judgment," and "[t]he defect is not sufficient to divest the trial court of jurisdiction." <u>See</u> <u>Brooks v. State</u>, — Ark. —, 2008 WL 600273, 2 (Ark.S.Ct. 2008).

<u>Contra</u> <u>pacem</u> clauses do not appear in the second amended information, and Carter's trial attorney did not object to the information on that ground. Setting aside the question of whether counsel's failure to object to a violation of state law gives rise to a colorable claim of ineffective assistance of counsel, the undersigned assumes that Carter has satisfied the first prong of the <u>Strickland v. Washington</u> test.[6] He has failed, though, to satisfy the second prong because he can show no prejudice.

---

6

The inclusion of <u>contra</u> <u>pacem</u> clauses is mandated by state law, not federal law. Federal habeas corpus relief does not lie for errors of state law.

The second prong of <u>Strickland v. Washington</u> requires a showing of prejudice, <u>i.e.</u>, a reasonable probability that, but for counsel's error, the result of the trial would have been different. The focus is on whether the error rendered the result of the trial "unreliable or the proceeding fundamentally unfair." <u>See</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.E.2d 180 (1993).

In this instance, counsel's failure to object to the second amended information because it lacked the necessary <u>contra pacem</u> clauses did not render the result of Carter's trial unreliable or the proceeding fundamentally unfair. The omission of the <u>contra pacem</u> clauses did not divest the state trial court of jurisdiction and did not void the judgment of conviction. Instead, the omission went to the sufficiency of the charging instrument. <u>See</u> <u>McNeese v. State</u>, 334 Ark. 445, 976 S.W.2d 373 (1998). Had a timely objection to the omission of the clauses been made, an objection that had to have been made prior to trial, <u>see</u> <u>Id.</u>, the information would have simply been amended a third time and <u>contra pacem</u> clauses added.[7]

VI. <u>CARTER'S SIXTH CLAIM.</u> Carter's last claim is that his right of access to the courts was violated. He maintains that ADC officials confiscated his legal papers during the pendency of the post-conviction proceeding, thereby preventing him from raising several new claims in his petition for post-conviction relief.

---

[7]

Carter maintains that it is "not guaranteed that the state would have amended the information and therefore all charges would be properly dismissed upon being properly objected to prior to trial." <u>See</u> Document 14 at CM/ECF 20. The undersigned cannot agree.

Kelley maintains that the claim is procedurally barred from federal court review. Rather than wrestle with that question, the undersigned will address the merits of Carter's claim.

The undersigned accepts Carter's assertion that ADC officials confiscated his legal papers during the pendency of the post-conviction proceeding. The undersigned also accepts that the confiscation of his legal papers prevented him from raising several new claims in his petition for post-conviction relief, claims he identifies as follows:

1) Carter's trial attorney was ineffective because he failed to move to dismiss the second amended information on the ground that it did not contain a contra pacem clause, see Document 2 at CM/ECF 12-13;

2) on the day of the robbery, the home of Terrence Manning's mother was searched by police "who wanted him for questioning," and Carter's trial attorney failed to interview Terrence Manning, see Document 14 at CM/ECF 21;

3) several witnesses who were supposed to testify on Carter's behalf and support his alibi were not interviewed or called to testify, see Document 14 at CM/ECF 21;

4) Carter's trial attorney had a conflict of interest because he also represented Brandy Harden and instructed her not to testify on Carter's behalf because she could be exposed to criminal liability, see Document 14 at CM/ECF 21; and

5) Carter only recently received a copy of the trial transcript and did not have it available to him during the pendency of the post-conviction proceeding, see Document 14 at CM/ECF 21.

Setting aside the question of whether Carter's sixth claim is even cognizable in a federal habeas corpus proceeding, the undersigned finds that the claim warrants no relief. The claims he was prevented from raising in his petition for post-conviction relief do not call into question the validity of his conviction and ultimately make no difference.[8] The undersigned so finds for four reasons. First, the omission of the <u>contra pacem</u> clauses did not divest the state trial court of jurisdiction and did not void the judgment of conviction. Had a timely objection to the omission of the clauses been made, the information would have been amended again and the clauses added.

Second, save Terrence Manning ("Manning"), Carter has not identified the witnesses his attorney failed to interview. Carter has also failed to provide a summary of the witnesses' testimony, including a summary of Manning's testimony, and Carter has failed to establish that the witnesses' testimony was admissible into evidence.

Third, with respect to the alleged conflict of interest, Carter has failed to specifically state what the conflict was or how it affected the adequacy of counsel's representation. Carter has also failed to summarize Brandy Harden's testimony and establish that it was admissible into evidence.

Fourth, the undersigned accepts that Carter did not have a copy of the trial transcript during the pendency of the post-conviction proceeding. He has failed to show, though, that he had a constitutionally protected right to a copy of the trial transcript.

---

[8]

Federal court review of a state conviction is limited to determining whether the conviction violates the Constitution, laws, or treaties of the United States. <u>See</u> 28 U.S.C. 2254(a).

VII. <u>RECOMMENDATION</u>. Given the foregoing, the undersigned finds that Carter's claims warrant no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this 7th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE